**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

REGENT COMMUNICATIONS, INC.,          )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          Civil Action No. 07-499
                                      )
RILEY INVESTMENT PARTNERS             )
MASTER FUND, L.P., RILEY              )
INVESTMENT MANAGEMENT, LLC and        )
SMH CAPITAL INC.,                     )
                                      )
              Defendants.             )

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Pursuant to Rules 26(d), 33(b)(3), 34(b) and 36(a) of the Federal Rules of Civil

Procedure, Plaintiff Regent Communications, Inc. ("Regent"), by its attorneys, hereby moves the

Court for expedited discovery from Defendants Riley Investment Management, LLC ("RIM"),

Riley Investment Partners Master Fund, L.P. (collectively with RIM, "Riley") and SMH Capital

Inc. ("SMH") (collectively, "Defendants").

## INTRODUCTION

Defendants have sought to schedule a special meeting of the stockholders of

Regent Communications, Inc. ("Regent") for as early as September 3, 2007.  The Court of

Chancery has indicated that it may set a hearing as soon as a month from now to consider

whether a meeting should be scheduled, despite its concern that certain issues may need to be

resolved by the federal court.  If scheduled, stockholders will be asked to decide at the special

meeting whether to overhaul Regent's corporate governance structure by nearly doubling the size

of its Board of Directors and electing a slate of directors hand-picked by Riley, who will then be

poised to fill vacancies with other of their partisans by means of the bylaw amendments they are

sponsoring as well.  Riley solicited more than ten (10) stockholders to send demand letters to

convene the special meeting without providing or filing proxy materials or making required

disclosures in their Schedule 13D filings concerning their plans, intentions and secret arrangements with other significant shareholders – who have failed to provide any of the information required by the securities laws at all – all in violation of the securities laws including the proxy rules.

Riley, who only recently acquired 7.4% of the Company's shares, has devised a plan by which it aims to wrest control and ultimately force the sale of Regent by expanding the Board of Directors from five to nine, filling the new seats with its loyalists and then pushing for and filling further vacancies to ultimately obtain control. To this end, Riley began a secret campaign to solicit shareholder consents to demand a special meeting. Although Riley has admitted making these solicitations, it neglected to provide and file the required proxy materials in connection with the solicitation of these consents.

Riley and various other shareholders it solicited, including SMH, each sent virtually identical Form Demand Letters to Regent. On August 9, 2007, Riley caused to be distributed a press release announcing it had filed a lawsuit against Regent ("Press Release"). The lawsuit and Press Release, the timing and content of which clearly demonstrate that they were aimed at Regent shareholders, were filed as soliciting materials, but falsely characterized as a mere possibility that Riley would seek proxies in support of its proposals and to elect its director candidates. Riley's Press Release does not even purport to satisfy Riley's flagrant violation of the proxy rules in connection with Riley's prior solicitation of shareholders to demand a special meeting.

Moreover, SMH, Riley's major ally in its quest for control, has failed to provide any disclosure whatsoever of its intentions with respect to its ownership of Regent stock, despite the requirement that it do so as an owner of more than 5% of Regent stock. Defendants are also in violation of Section 13(d) in that they have failed to disclose that they are acting together, and

-2-

with other shareholders as a Rule 13d-5(b)(1) "group," for the purpose of seeking to amend the bylaws of the Company and to elect directors including principals and affiliates of Riley to Regent's board.

In an attempt to avoid the irreparable harm being done by Defendants' incomplete and misleading communications in violation of the federal securities laws, Regent has filed the Complaint in the instant action seeking temporary and preliminary injunctive relief against further proxy solicitations by Defendants and enjoinment of the special meeting on the basis of demands solicited in violation of the law.

Regent's request for a preliminary injunction will require that Regent be able to take limited discovery regarding Riley's illegal proxy solicitation activities and Defendants' shareholdings, arrangements, preparations, disclosures, understandings and agreements together with other shareholders in their group. This discovery must be completed in time for a hearing on Regent's motion for preliminary injunction and prior to the special meeting, which may be set as early as next month.

Accordingly, Regent moves this Court for leave to take expedited discovery in advance of the meet and confer conference required under Federal Rule of Civil Procedure 26(f).

## ARGUMENT

## I.    EXPEDITED DISCOVERY IS ALLOWED WHERE IT IS REASONABLE UNDER THE CIRCUMSTANCES.

The Federal Rules expressly grant to courts the power to expedite discovery. *See* Fed. R. Civ. P. 26(d) (granting broad authority to court to direct sequence of discovery); *id.*, Rules 33(a) & 34(b) (requiring "leave of court" for service of written discovery before initial conference); *id.*, Rules 33(b)(3), 34(b) & 36(a) (expressly allowing courts to shorten the time for response to written discovery).

In considering such requests, courts in the Third Circuit generally employ a "reasonableness" standard, at least "when the purpose of the expedited discovery is to gather evidence for an upcoming preliminary injunction hearing." *BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 587 (D. Del. 2004). Under this standard, expedited discovery will be ordered if the moving party shows that "the expedited discovery request is reasonable in light of all the circumstances," and "if the discovery requests are narrowly tailored to fit the issues raised in the preliminary injunction, expedited discovery ***should*** be granted." *Id.* (emphasis added); *see also Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003) (collecting cases that employ the reasonableness standard to grant expedited discovery in advance of a preliminary injunction hearing); *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("[e]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings").

Cases in which injunctive relief is requested to remedy misleading shareholder proposals – like this case – are prime candidates for expedited discovery given the short timetables usually at issue in those cases. *See, e.g., CNW Corp. v. Japonica Partners, L.P.*, 874 F.2d 193, 196-97, 201 (3d Cir. 1989) (noting expedited discovery and briefing in Section 14(a) case where preliminary injunction was heard, denied by district court, and granted by appeals court, all by the day following the relevant shareholder meeting); *Denison Mines Ltd. v. Fibreboard Corp.*, 388 F. Supp. 812, 815 (D. Del. 1974) (noting expedited discovery in proxy case and agreement of parties to adjourn the shareholder meeting for a week to allow the court to reach a decision on preliminary injunction).

## II.    EXPEDITED DISCOVERY IS NECESSARY TO PREPARE FOR A PRELIMINARY INJUNCTION HEARING.

At issue in Regent's motion for preliminary injunction will be at least three primary issues: (1) whether the required Section 13 and 14(a) disclosures were made by Defendants; (2) whether Riley's filings under Section 13(d) and Section 14(a) of the Securities Exchange Act of 1934 contained material inaccuracies or omissions, or were otherwise misleading; and (3) whether preliminary injunctive relief is appropriate under the circumstances and applicable legal standards.  A hearing on these issues will require evidence regarding Defendants' shareholdings, solicitation activities, plans and communications regarding the demand for the shareholders' meeting, the proposal and nominations sought to be acted on at such meeting, as well as evidence regarding Defendants' understandings, arrangements and/or agreements with each other and with other stockholders as part of an undisclosed shareholder "group".

Regent has prepared and intends to serve narrowly focused written discovery directed at these specific issues necessary for a ruling on its motion for preliminary injunction. For the Court's convenience, Regent has submitted with this motion a proposed set of interrogatories (Exhibit A hereto) and requests for the production of documents (Exhibit B hereto) that it intends to serve on Defendants if this motion is granted.  Regent requests that Defendants be required to respond to this written discovery on an expedited schedule – namely seven days, instead of thirty days – due to the urgency of this matter.

Regent also requests that Defendants produce for deposition a select group of employees or other persons.  In addition, Regent expects to issue subpoenas to a limited number of third parties for documents and/or depositions.  Finally, Regent expects to serve requests for admission (RFAs) within seven days of Defendants' production of the documents and interrogatory responses in order to narrow further the disputed issues in advance of the hearing.

-5-

III.    **REGENT'S REQUEST FOR EXPEDITED DISCOVERY ON ISSUES NECESSARY FOR THE DETERMINATION OF A PRELIMINARY INJUNCTION MOTION IS REASONABLE UNDER THE CIRCUMSTANCES.**

Regent's requested expedition of discovery is reasonable under all of the circumstances of this case.

Given the fact that Defendants are seeking to compel the special meeting at a hearing which may be scheduled for next month, time is clearly of the essence. Adhering to the normal course of discovery here could destroy this Court's ability to provide an effective remedy to Defendants' violations of federal securities laws, making it impossible for the Court to prevent these continuing violations and to redress Defendants' failure to make required disclosures under the federal securities laws, including Defendants' failure to follow the proxy rules, in advance of the special meeting. Without expedited discovery and a preliminary injunction in place by the time the special meeting is called, Regent and its shareholders will not be afforded the necessary protection to guard against these serious threats.

Given Defendants' efforts to set the special meeting at the earliest opportunity, and given Regent's limited and reasonable discovery requests, expedition of discovery in this case is reasonable in light of the circumstances and should be granted. Regent proposes the following schedule for expedited discovery:

- Regent serves written discovery requests on August 17, 2007;

- Defendants respond to Regent's written discovery requests by August 24, 2007;

- The parties take depositions of fact witnesses between September 4, 2007 and September 12, 2007;

- Regent serves RFAs on or before August 30, 2007;

- Defendants respond to Regent's RFAs by September 3, 2007;

-6-

- The parties simultaneously exchange expert reports on September 12, 2007; and

- The parties complete depositions of expert witnesses by September 15, 2007.

WHEREFORE, Regent respectfully requests that the Court permit it to conduct limited expedited discovery consistent with that requested in this motion.

Date:  August 17, 2007

Respectfully submitted,

One of the Attorneys for Plaintiff
Regent Communications, Inc.

Raymond J. DiCamillo (#3188)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

## CERTIFICATION PURSUANT TO
## DISTRICT OF DELAWARE LOCAL RULE 7.1.1

Counsel for plaintiff has contacted counsel for Riley Investment Partners Master Fund, L.P. and Riley Investment Management, LLC, pursuant to District of Delaware Local Rule 7.1.1 concerning the subject matter of the attached motion and no agreement has been reached.

Raymond J. DiCamillo (#3188)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2007, a copy of the foregoing was served by efile on the following attorneys of record:

> David J. Teklits, Esquire
> Kevin M. Coen, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, Delaware 19899

Raymond J. DiCamillo (#3188)

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| REGENT COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-499 |
| | ) | |
| RILEY INVESTMENT PARTNERS | ) | |
| MASTER FUND, L.P., RILEY | ) | |
| INVESTMENT MANAGEMENT, LLC and | ) | |
| SMH CAPITAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS**
**RILEY INVESTMENT MASTERS FUND, L.P.**
**AND RILEY INVESTMENT MANAGEMENT, LLC**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Regent Communications, Inc. hereby propounds its First Set of Interrogatories (each an "Interrogatory") on Defendants Riley Investment Partners Masters Fund, L.P., and Riley Investment Management, LLC.

## DEFINITIONS AND INSTRUCTIONS

A. "Defendants" shall mean Defendants (1) Riley Investment Partners Masters Fund L.P., any parents, subsidiaries, or other affiliated entities or Person; (2) Riley Investment Management, LLC, any parents, subsidiaries, or other affiliated entities or Persons; and (3) SMH Capital Inc, any parents, subsidiaries, or other affiliated entities or Persons; and all agents, employees, counsel and other Persons acting on their behalf.

B. "You," Your" and "Riley" shall mean Defendants Riley Investment Partners Master Fund, L.P., Riley Investment Management LLC, any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

C. "Complaint" shall mean the complaint filed by Regent in this action.

D.    "SMH" shall mean Defendant SMH Capital Inc., any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

E.    "Cede" shall mean Cede & Co., any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

F.    "Regent" or "Plaintiff" or the "Company" or "Issuer" shall mean plaintiff Regent Communications, Inc., its predecessor entities, and all agents, employees, counsel and other Persons acting on their behalf.

G.    "Riley Demand Letter" shall mean the letter sent to Regent by Riley dated July 19, 2007 signed by John Ahn, purportedly on behalf of Riley and unnamed investment advisory clients of Riley calling for a special meeting of Regent's stockholders.

H.    "GPC LXII LLC Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of GPC LXII, LLC, calling for a special meeting of Regent's stockholders.

I.    "RIP Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master Fund, LP ("RIP"), calling for a special meeting of Regent's stockholders.

J.    "Putnam Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master Fund, LP, Putnam NBF Securities Inc. and Richard McKenzie calling for a special meeting of Regent's stockholders.

K.    "McClorey Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Kevin H. McClorey, calling

2

for a special meeting of Regent's stockholders.

        L.      "Davis Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Jared Davis, calling for a special meeting of Regent's stockholders.

        M.      "Lewcom Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Lewcom LTD, LP ("Lewcom"), calling for a special meeting of Regent's stockholders.

        N.      "PNC Bank Clat 1 Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 1 ("PNC Bank Clat 1") calling for a special meeting of Regent's stockholders.

        O.      "SMH Capital Demand Letter" shall mean the letter sent to Regent, dated July 31, 2007 signed by Peter J. Gleason, purportedly on behalf of "various customers" on an attached list under the heading "SMH Capital" calling for a special meeting of Regent's stockholders.

        P.      "PNC Bank Clat 2 Demand Letter" shall mean the plan described in a letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 2 ("PNC Bank Clat 2") calling for a special meeting of Regent's stockholders.

        Q.      "Jacobs Demand Letter" shall mean the plan described in a letter sent to Regent, dated August 8, 2007 signed by Terry S. Jacobs, purportedly on behalf of himself, calling for a special meeting of Regent's stockholders.

        R.      "Stockholder Demand Letters" shall mean the Riley Demand Letter, the GPC LXII LLC Demand Letter, the RIP Demand Letter, the Putnam Demand Letter, the

3

McClorey Demand Letter, the Davis Demand Letter, the Lewcom Demand Letter, the PNC Bank Clat 1 Demand Letter, the PNC Bank Clat 2 Demand Letter, the SMH Capital Demand Letter and the Jacobs Demand Letter.

        S.     "Stockholder Proposal" shall mean the plan described in the Stockholder Demand Letters which included, among other things, a plan to: (1) amend the Issuer's bylaws to fix the number of directors at nine, (2) amend the Issuer's bylaws to allow stockholders to fill vacancies on the board created by increasing the size of the board or the removal of a director by the stockholders, (3) elect John Ahn, Bob D'Agostino, Jared Davis and Joseph Patrick Hannan as directors of the Issuer to fill the vacancies on the board; and (4) repeal any provisions or amendments to the Issuer's bylaws adopted after the last version filed with Securities and Exchange Commission.

        T.     "Proposed Special Meeting" shall mean the special meeting of the shareholders of Regent demanded in the Demand Letters for September 3, 2007 to consider the Stockholder Proposal, which meeting is referred to in, among other places, the Stockholder Proposal.

        U.     "Proxy" shall mean every proxy, consent or authorization including the failure to object or dissent, all as defined in Rule 14a-1(f).

        V.     "Shareholder Action" shall mean any effort to potentially influence the control of the company, including but not limited to amending a company's bylaws to, among other things, change the size of the company's board of directors, install additional or different directors on the company's board of directors; or to elect specific Person(s) director(s) of the company.

        W.     "Pitch Book" shall mean the materials that are described in paragraph 33 of the Complaint.

4

X.    "SEC" shall mean the Securities and Exchange Commission.

Y.    "Actions" shall mean any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, liabilities, claims, demands, damages, losses, costs or expenses, of any nature whatsoever, fixed or contingent, in any tribunal including the SEC.

Z.    "FINRA" shall mean the Financial Industry Regulatory Authority (formerly known as NASD, Inc. or the National Association of Securities Dealers).

AA.    "Candidates for the Regent Board of Directors" shall mean the candidates proposed in the Stockholder Demand Letters for election to Regent's Board of Directors, including John Ahn, Bob D'Agostino, Jared Davis, and Joseph Patrick Hannan or any other candidates considered or proposed for election to Regent's Board of Directors.

BB.    As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or pertaining to, or describing, in any manner, logically, factually, indirectly, or directly or in any other way supporting negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

CC.    The term "Person" shall mean any natural person or any business, legal or governmental entity or association.

DD.    The term "document" is used herein within its broadest sense as used in Federal Rule of Civil Procedure 34(a), and thus includes without limitation originals (or high quality duplicates) and non-identical copies of letters, telegrams, memoranda, reports, drafts, notes, summaries or records of conversations and interviews, diary entries, notebooks, agreements, printed publications, drawings and sketches, graphs, charts, photographs, motion pictures, brochures, intra- and inter-company communications, promotional and advertising materials, marginal comments, patents, computer inputs, outputs, and all other computer data

5

(whether stored by means of computer tape, disk, file or any other form of computer-related memory system), and all other writings or graphic matter or other tangible things, whether printed, electronic, recorded by any process, including tapes, phonorecords, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into usable form. Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

EE.    As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

FF.    As used herein, the term "identify" as applied to a document means that the following information shall be provided; in the alternative, the identified document may be produced to Plaintiffs along with your responses to these interrogatories:

1.    the date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared;

2.    the identifying or descriptive code number, file number, title or label of such document;

3.    the general nature or description of such document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) and the number of pages of

which it consists;

      4.    the name of the person who signed such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

      5.    the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent;

      6.    the name of the person having possession, custody or control of such document;

      7.    whether or not any draft, copy, or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy, or reproduction;

      8.    if any document was, but is no longer, in Plaintiff's possession or subject to its control, state what disposition was made of such document and when;

      9.    if any document is claimed to be privileged, state the basis on which the claim of privilege is asserted and describe the subject matter covered in the document; and

      10.    if any document is presently located in the hands of legal counsel, the term "identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and to identify the person who had prior custody of the document.

GG.    As used herein, the term "identify" as applied to a natural person means to give the following information:

1. full name;

2. present or last known business address and telephone number;

3. title or occupation;

4. present or last known employer; and

5. if the person's present whereabouts are unknown to you, state all information known to you that reasonably may be helpful in locating said person.

HH.    As used herein, the term "identify" as applied to a corporation, company or Person other than a natural person means to give the following information:

1. the name;

2. the place of incorporation or organization;

3. the principal place of business; and

4. the identity of all natural persons having knowledge of the matter with respect to which it is named in response to a interrogatory.

II.    As used herein, the term "identify," when used in reference to a meeting or conversation, shall mean to give the (i) date, time, place and duration of the meeting or conversation, (ii) identity of each attendee or participant at the meeting or conversation; and (iii) identity of each witness or other individual with personal knowledge of the meeting or conversation.

JJ.    "Describe with full particularity," as used herein, shall mean to recite, in writing, all facts that you or your counsel have obtained, have access to and/or are aware of, that

8

refer or relate to the subject matter about which an interrogatory is being made, including but not limited to:

        1.   the source or sources of each stated fact;

        2.   the date upon which you obtained and/or became aware of each stated fact;

        3.   all persons with knowledge of each stated fact;

        4.   the identity of all documents which support, negate or otherwise refer or relate to each stated fact; and

        5.   all communications referring or relating to each stated fact.

        KK.   The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

## INSTRUCTIONS

        A.    If any document responsive to these Requests was, but is no longer in Your possession, or subject to Your control, or it is no longer in existence, state whether it is (a) missing or lost; (b) destroyed; (c) transmitted or transferred, voluntarily or involuntarily to others, identifying such others; or, (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition and state the date or approximate date thereof. To the extent that any of the above information is not available, state any other available means of identifying such document.

        B.    If you object to any Request on the grounds that any document necessary to respond to it is protected by attorney-client privilege or work product protection, or both, You shall furnish a list within ten (10) days identifying such documents for which privilege is claimed

RLF1-3190933-2

by identifying the Request to which such documents relate and by providing as required by the federal rules and applicable law the following information with respect to any such documents withheld: (i) the type of document (e.g., letter, memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressees of the document, and any other recipients of the documents and, where not apparent, the relationship of the author, addressees and recipients to each other.

        C.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing so as to require further supplemental production by You in the event You obtain or discover additional information or documents between the time of initial production and the time of hearing or trial. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## TIME PERIOD

Unless otherwise specified in an Interrogatory, these Interrogatories seek documents and information prepared, sent, provided, received, in possession during, or referring or relating to the time period from (i) the first date on which You became an owner of or obtained voting power over Regent stock to (ii) the present (the "Relevant Period") or relating to the Relevant Period whenever prepared.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify and describe with full particularity each communication between You and any Person referring or relating to the Stockholder Proposal, the Proposed Special Meeting, the Candidates for the Regent Board of Directors, or the purchase, sale, or transfer of shares of

Regent stock, including but not limited to identifying the Persons involved in such communications and the dates on which the communications took place.

**INTERROGATORY NO. 2:**

Identify any communication regarding any proposed or actual arrangement or understanding between You and any Person referring or relating to a potential change in Regent's Board or management, or transaction for a change of control of Regent or sale of Regent to a third party, including but not limited to identifying the Persons involved in such communications and the dates on which the communications took place.

**INTERROGATORY NO. 3:**

Identify each Person with knowledge referring or relating to the allegations in the Complaint and describe with full particularity that knowledge.

**INTERROGATORY NO. 4:**

Identify all witnesses whose testimony You intend (or reserve the right) to use in any future hearing in this action to oppose Regent's Complaint seeking a preliminary injunction and identify the subjects on which each such witness may testify.

**INTERROGATORY NO. 5:**

Identify and describe with full particularity any contracts, arrangements or understandings between you and any other Defendant or anyone else referring or relating to the Stockholder Proposal, the Stockholder Demand Letters or Candidates for the Regent Board of Directors.

**INTERROGATORY NO. 6:**

Identify and describe with full particularity any contracts, arrangements or understandings between you and any other Defendant or any Person or presented by You to any Person referring or relating to shares of Regent stock.

**INTERROGATORY NO. 7:**

Describe with full particularity any business or personal relationship between You and the Candidates for the Regent Board of Directors.

**INTERROGATORY NO. 8:**

Describe with full particularity all of the reasons You, or any Person or entity under your influence or control, mailed or caused to be mailed the Stockholder Demand Letters.

**INTERROGATORY NO. 9:**

Identify and describe with full particularity any communications between You and any Person, including but not limited to Regent stockholders, regarding the purchase, sale, or transfer of Regent stock, including but not limited to identifying the Persons involved in such communications and the dates on which the communications took place.

**INTERROGATORY NO. 10:**

Identify and describe with full particularity any and all Actions or Shareholder Actions to which You have been a party or in which You have participated in the last five (5) years, including but not limited to any Shareholder Actions concerning Alliance Semiconductor Inc., Integrated Silicon Solution, MAIR Holdings, Inc., ESS Technologies and NetManage.

**INTERROGATORY NO. 11:**

Identify and describe with full particularity any and all Schedule 14A filings You have made with the SEC including, with respect to any filings concerning Regent, all of the facts forming the bases for the information You provided therein.

**INTERROGATORY NO. 12:**

Identify and describe with full particularity your reasons for failing to make any filings in connection with the Stockholder Demand Letters.

**INTERROGATORY NO. 13:**

Identify and describe with full particularity any and all Schedule 13D filings You have made or caused to be made with the SEC including, with respect to any filings which pertain to Regent, all of the facts forming the bases for the information You provided therein.

**INTERROGATORY NO. 14:**

Describe with full particularity any statements made by You to any Person referring or relating to the possibility of selling Regent, including but not limited to any discussions between You and SMH regarding this topic, dates, times, places and the identity of the Persons involved.

**INTERROGATORY NO. 15:**

Identify all participation You had in the drafting, creation, preparation or distribution of the Pitch Book, including without limitation identification of all persons involved in such participation, all communications You had with any person regarding the Pitch Book, any role you had in distribution of or presentations relating to the Pitch Book, and/or identification of any information you provided for inclusion in the Pitch Book, including any authorization for the inclusion of Your name and description of your shareholdings and willingness to sell Regent stock as reflected in the Pitch Book.

**INTERROGATORY NO. 16:**

Identify and describe with full particularity any and all censure(s), reprimand(s), or other adverse finding against You or any of the Candidates for the Regent Board of Directors by federal or state government agencies that regulate securities, including but not limited to the SEC and FINRA (formerly NASD) in the last five (5) years.

**INTERROGATORY NO. 17:**

Identify and describe with full particularity any and all communications You have had with SMH concerning Regent, including but not limited to the dates, times, places, and substances of such conversations as well as the identities of all Persons present.

**INTERROGATORY NO. 18:**

Identify and describe with full particularity the number of shares of Regent stock over which You exercise or have exercised voting, dispositive or other control, including but not limited to purchase and sale history, dates, amounts and the identities of the Persons who are the holders of record of the shares.

**INTERROGATORY NO. 19:**

Identify the Regent stockholders You purport to represent in the Riley Demand Letter and describe with full particularity the extent to which You have voting, dispositive or other control over their shares, the date(s) on which You first obtained such control and/or the number of shares owned or controlled by each Regent stockholder identified.

**INTERROGATORY NO. 20:**

Identify and describe with full particularity all of Your purposes and reasons for holding Regent stock, including Your intentions toward the Company, whether You are a member of a group (as that term is used on Schedule 13D) with respect to the ownership of Regent Stock, the identities of each Person(s) in the group, the number of Regent shares beneficially owned by each Person in the group, and the number of Regent shares for which each Person in the group (1) has sole voting power (2) shared voting power (3) sole dispositive power and (4) shared dispositive power.

**INTERROGATORY NO. 21:**

Identify and describe with full particularity the identities of all Person(s) making or causing to be made the proposals set forth in the Stockholder Proposal contained in the Stockholder Demand Letters, the Person(s) involved in recruiting and organizing the Candidates for the Regent Board of Directors described therein, the Person(s) associated with the Candidates for the Regent Board of Directors, and the number of Regent shares that each such Person directly, indirectly or beneficially holds, and/or over which each such Person exercises or has exercised voting, dispositive or other control.

Date:  August 17, 2007                          Respectfully submitted,

*Attorneys for Plaintiff*
*Regent Communications Inc.*

Raymond J. DiCamillo (#3188)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| REGENT COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 07-499** |
| | ) | |
| RILEY INVESTMENT PARTNERS | ) | |
| MASTER FUND, L.P., RILEY | ) | |
| INVESTMENT MANAGEMENT, LLC and | ) | |
| SMH CAPITAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO SMH CAPITAL INC.

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Regent Communications, Inc. hereby propounds its First Set of Interrogatories (each an "Interrogatory") on Defendant SMH Capital Inc.

## DEFINITIONS AND INSTRUCTIONS

A.    "Defendants" shall mean Defendants (1) Riley Investment Partners Masters Fund L.P., any parents, subsidiaries, or other affiliated entities or Person; (2) Riley Investment Management, LLC, any parents, subsidiaries, or other affiliated entities or Persons; and (3) SMH Capital Inc, any parents, subsidiaries, or other affiliated entities or Persons; and all agents, employees, counsel and other Persons acting on their behalf.

B.    "You," Your" and "SMH" shall mean Defendant SMH Capital Inc., any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

C.    "Complaint" shall mean the complaint filed by Regent in this action.

D.    "Riley" shall mean Defendants Riley Investment Partners Master Fund, L.P., Riley Investment Management LLC, any parents, subsidiaries, or other affiliated entities or

Persons, and all agents, employees, counsel and other Persons acting on their behalf.

        E.     "Cede" shall mean Cede & Co., any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

        F.     "Regent" or "Plaintiff" or the "Company" or "Issuer" shall mean plaintiff Regent Communications, Inc., its predecessor entities, and all agents, employees, counsel and other Persons acting on their behalf.

        G.     "Riley Demand Letter" shall mean the letter sent to Regent by Riley dated July 19, 2007 signed by John Ahn, purportedly on behalf of Riley and unnamed investment advisory clients of Riley calling for a special meeting of Regent's stockholders.

        H.     "GPC LXII LLC Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of GPC LXII, LLC, calling for a special meeting of Regent's stockholders.

        I.     "RIP Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master Fund, LP ("RIP"), calling for a special meeting of Regent's stockholders.

        J.     "Putnam Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master Fund, LP, Putnam NBF Securities Inc. and Richard McKenzie calling for a special meeting of Regent's stockholders.

        K.     "McClorey Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Kevin H. McClorey, calling for a special meeting of Regent's stockholders.

RLF1-3190931-2

L.   "Davis Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Jared Davis, calling for a special meeting of Regent's stockholders.

M.   "Lewcom Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Lewcom LTD, LP ("Lewcom"), calling for a special meeting of Regent's stockholders.

N.   "PNC Bank Clat 1 Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 1 ("PNC Bank Clat 1") calling for a special meeting of Regent's stockholders.

O.   "SMH Capital Demand Letter" shall mean the letter sent to Regent, dated July 31, 2007 signed by Peter J. Gleason, purportedly on behalf of "various customers" on an attached list under the heading "SMH Capital" calling for a special meeting of Regent's stockholders.

P.   "PNC Bank Clat 2 Demand Letter" shall mean the plan described in a letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 2 ("PNC Bank Clat 2") calling for a special meeting of Regent's stockholders.

Q.   "Jacobs Demand Letter" shall mean the plan described in a letter sent to Regent, dated August 8, 2007 signed by Terry S. Jacobs, purportedly on behalf of himself, calling for a special meeting of Regent's stockholders.

R.   "Stockholder Demand Letters" shall mean the Riley Demand Letter, the GPC LXII LLC Demand Letter, the RIP Demand Letter, the Putnam Demand Letter, the

3

McClorey Demand Letter, the Davis Demand Letter, the Lewcom Demand Letter, the PNC Bank Clat 1 Demand Letter, the PNC Bank Clat 2 Demand Letter, the SMH Capital Demand Letter and the Jacobs Demand Letter.

S.    "Stockholder Proposal" shall mean the plan described in the Stockholder Demand Letters which included, among other things, a plan to:  (1) amend the Issuer's bylaws to fix the number of directors at nine, (2) amend the Issuer's bylaws to allow stockholders to fill vacancies on the board created by increasing the size of the board or the removal of a director by the stockholders, (3) elect John Ahn, Bob D'Agostino, Jared Davis and Joseph Patrick Hannan as directors of the Issuer to fill the vacancies on the board; and (4) repeal any provisions or amendments to the Issuer's bylaws adopted after the last version filed with Securities and Exchange Commission.

T.    "Proposed Special Meeting" shall mean the special meeting of the shareholders of Regent demanded in the Demand Letters for September 3, 2007 to consider the Stockholder Proposal, which meeting is referred to in, among other places, the Stockholder Proposal.

U.    "Proxy" shall mean every proxy, consent or authorization including the failure to object or dissent, all as defined in  Rule 14a-1(f).

V.    "Shareholder Action" shall mean any effort to potentially influence the control of the company, including but not limited to amending a company's bylaws to, among other things, change the size of the company's  board of directors, install additional or different directors on the company's board of directors; or to elect specific Person(s) director(s) of the company.

4

W.    "Pitch Book" shall mean the materials sent by SMH that are described in paragraph 33 of the Complaint.

X.    "SEC" shall mean the Securities and Exchange Commission.

Y.    "Actions" shall mean any and all manner of action or actions, cause or causes of action, in law or in equity, suits, debts, liens, liabilities, claims, demands, damages, losses, costs or expenses, of any nature whatsoever, fixed or contingent, in any tribunal including the SEC.

Z.    "FINRA" shall mean the Financial Industry Regulatory Authority (formerly known as NASD, Inc. or the National Association of Securities Dealers).

AA.    "Candidates for the Regent Board of Directors" shall mean the candidates proposed in the Stockholder Demand Letters for election to Regent's Board of Directors, including John Ahn, Bob D'Agostino, Jared Davis, and Joseph Patrick Hannan or any other candidates considered or proposed for election to regent's Board of Directors.

BB.    As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or pertaining to, or describing, in any manner, logically, factually, indirectly, or directly or in any other way supporting negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

CC.    The term "Person" shall mean any natural person or any business, legal or governmental entity or association.

DD.    The term "document" is used herein within its broadest sense as used in Federal Rule of Civil Procedure 34(a), and thus includes without limitation originals (or high quality duplicates) and non-identical copies of letters, telegrams, memoranda, reports, drafts, notes, summaries or records of conversations and interviews, diary entries, notebooks,

5

agreements, printed publications, drawings and sketches, graphs, charts, photographs, motion pictures, brochures, intra- and inter-company communications, promotional and advertising materials, marginal comments, patents, computer inputs, outputs, and all other computer data (whether stored by means of computer tape, disk, file or any other form of computer-related memory system), and all other writings or graphic matter or other tangible things, whether printed, electronic, recorded by any process, including tapes, phonorecords, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into usable form. Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

EE.    As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

FF.    As used herein, the term "identify" as applied to a document means that the following information shall be provided; in the alternative, the identified document may be produced to Plaintiffs along with your responses to these interrogatories:

1.    the date appearing on such document, and if no date appears thereon, the answer shall so state and shall give the date or approximate date such document was prepared;

6

2.      the identifying or descriptive code number, file number, title or label of such document;

3.      the general nature or description of such document (*i.e.*, whether it is a letter, memorandum, drawing, etc.) and the number of pages of which it consists;

4.      the name of the person who signed such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

5.      the name of the person to whom such document was addressed and the name of each person other than such addressee to whom such document or copies thereof were given or sent;

6.      the name of the person having possession, custody or control of such document;

7.      whether or not any draft, copy, or reproduction of such document contains any postscript, notation, change, or addendum not appearing on the original of said document, and if so, the answer shall give the description as herein defined of each such draft, copy, or reproduction;

8.      if any document was, but is no longer, in Plaintiff's possession or subject to its control, state what disposition was made of such document and when;

9.      if any document is claimed to be privileged, state the basis on which the claim of privilege is asserted and describe the subject matter covered in the document; and

7

10.    if any document is presently located in the hands of legal counsel, the term "identify" additionally means to state the location of the document immediately prior to its coming into the hands of legal counsel and to identify the person who had prior custody of the document.

GG.    As used herein, the term "identify" as applied to a natural person means to give the following information:

1.  full name;

2.  present or last known business address and telephone number;

3.  title or occupation;

4.  present or last known employer; and

5.  if the person's present whereabouts are unknown to you, state

all information known to you that reasonably may be helpful in locating said person.

HH.    As used herein, the term "identify" as applied to a corporation, company or Person other than a natural person means to give the following information:

1.  the name;

2.  the place of incorporation or organization;

3.  the principal place of business; and

4.  the identity of all natural persons having knowledge of the

matter with respect to which it is named in response to a interrogatory.

II.    As used herein, the term "identify," when used in reference to a meeting or conversation, shall mean to give the (i) date, time, place and duration of the meeting or conversation, (ii) identity of each attendee or participant at the meeting or conversation; and (iii)

8

identity of each witness or other individual with personal knowledge of the meeting or conversation.

JJ.    "Describe with full particularity," as used herein, shall mean to recite, in writing, all facts that you or your counsel have obtained, have access to and/or are aware of, that refer or relate to the subject matter about which an interrogatory is being made, including but not limited to:

1.  the source or sources of each stated fact;

2.  the date upon which you obtained and/or became aware of each stated fact;

3.  all persons with knowledge of each stated fact;

4.  the identity of all documents which support, negate or otherwise refer or relate to each stated fact; and

5.  all communications referring or relating to each stated fact.

KK.    The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

## INSTRUCTIONS

A.    If any document responsive to these Requests was, but is no longer in Your possession, or subject to Your control, or it is no longer in existence, state whether it is (a) missing or lost; (b) destroyed; (c) transmitted or transferred, voluntarily or involuntarily to others, identifying such others; or, (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition and state the date or

9

approximate date thereof. To the extent that any of the above information is not available, state any other available means of identifying such document.

        B.     If you object to any Request on the grounds that any document necessary to respond to it is protected by attorney-client privilege or work product protection, or both, You shall furnish a list within ten (10) days identifying such documents for which privilege is claimed by identifying the Request to which such documents relate and by providing as required by the federal rules and applicable law the following information with respect to any such documents withheld: (i) the type of document (e.g., letter, memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressees of the document, and any other recipients of the documents and, where not apparent, the relationship of the author, addressees and recipients to each other.

        C.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing so as to require further supplemental production by You in the event You obtain or discover additional information or documents between the time of initial production and the time of hearing or trial. This paragraph shall not be construed to alter your obligations to comply with all other instructions herein.

## TIME PERIOD

Unless otherwise specified in an Interrogatory, these Interrogatories seek documents and information prepared, sent, provided, received, in possession during, or referring or relating to the time period from (i) the first date on which You became an owner of or obtained voting power over Regent stock to (ii) the present (the "Relevant Period") or relating to the Relevant Period whenever prepared.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify and describe with full particularity each communication between You and any Person referring or relating to the Stockholder Proposal, the Proposed Special Meeting, the Candidates for the Regent Board of Directors, or the purchase, sale, or transfer of shares of Regent stock, including but not limited to identifying the Persons involved in such communications and the dates on which the communications took place.

**INTERROGATORY NO. 2:**

Identify and describe with full particularity any communication regarding any proposed or actual arrangement or understanding between You and any Person referring or relating to a potential change in Regent's Board or management, or transaction for a change of control of Regent or sale of Regent to a third party, including but not limited to identifying the Persons involved in such communications and the dates on which the communications took place.

**INTERROGATORY NO. 3:**

Identify each Person with knowledge referring or relating to the allegations in the Complaint and describe with full particularity that knowledge.

**INTERROGATORY NO. 4:**

Identify all witnesses whose testimony You intend (or reserve the right) to use in any future hearing in this action to oppose Regent's Complaint seeking a preliminary injunction and identify the subjects on which each such witness may testify.

**INTERROGATORY NO. 5:**

Identify and describe with full particularity any contracts, arrangements or understandings between you and any other Defendant or anyone else referring or relating to the

11

Stockholder Proposal, the Stockholder Demand Letters or Candidates for the Regent Board of Directors.

**INTERROGATORY NO. 6:**

             Identify and describe with full particularity any contracts, presentations, arrangements or understandings between you and any other Defendant or any Person, or presented by You to any Person referring or relating to shares of Regent stock.

**INTERROGATORY NO. 7:**

             Describe with full particularity any business or personal relationship between You and the Candidates for the Regent Board of Directors.

**INTERROGATORY NO. 8:**

             Describe with full particularity all of the reasons You, or any Person or entity under your influence or control, mailed or caused to be mailed any of the Stockholder Demand Letters.

**INTERROGATORY NO. 9:**

             Identify and describe with full particularity any communications between You and any Person, including but not limited to Regent stockholders, regarding the purchase, sale, or transfer of Regent stock, including but not limited to identifying the Persons involved in such communications and the dates on which the communications took place.

**INTERROGATORY NO. 10:**

             Identify all individuals or entities in or affiliated with SMH or the Sanders Family (i.e., relatives of Don Sanders by marriage or blood) that own shares of Regent stock including their dates of purchase including but not limited to Don Sanders, Sanders Funds, Sanders IRAs, Sanders Family Trust Funds, and members of the Sanders Family.

12

**INTERROGATORY NO. 11:**

Describe with full particularity any statements made by You to any Person referring or relating to the possibility of selling Regent, including but not limited to any discussions between You and Riley regarding this topic, dates, times, places and the identity of the Persons involved.

**INTERROGATORY NO. 12:**

Identify and describe with full particularity Your relationship with the Persons identified on the list attached to the SMH Capital Demand Letter as Regent stockholders, including but not limited to whether You have voting, dispositive or other control over their shares, the date(s) on which You first obtained such control and/or the number of shares owned or controlled by each Regent stockholder identified.

**INTERROGATORY NO. 13:**

Identify all persons who created, prepared or presented or authorized the creation preparation or presentation of the Pitch Book.

**INTERROGATORY NO. 14:**

Describe whether authorization was obtained from each of the Persons listed in the Pitch Book to include their names and shareholdings in the Pitch Book, and describe whether each such Person understood that the Person was being represented as willing to sell in certain circumstances and that this information would be included in the Pitch Book and/or provided to potential acquirers of Regent or Regent shares.

**INTERROGATORY NO. 15:**

Identify and describe with full particularity all of the facts forming the bases of the representations on the page numbered "22" of the Pitch Book, including but not limited to the representation "Certain shareholders have currently expressed interest in selling their shares if

13

the appropriate opportunity was presented" and the identities of the "Selected Clients of Don Sanders" and their holdings of shares of Regent stock, including shares held directly, indirectly, or beneficially.

**INTERROGATORY NO. 16:**

      Identify and describe with full particularity the identities of all of the Persons to whom the Pitch Book has been delivered, sent or presented including when the Pitch Book was sent or delivered or when such presentations took place.

**INTERROGATORY NO. 17:**

      Identify and describe with full particularity any and all Actions or Shareholder Actions to which You have been a party or in which You have participated in the last five (5) years.

**INTERROGATORY NO. 18:**

      Identify and describe with full particularity any and all any censure(s), reprimand(s), or other adverse finding(s) against You or any of the Candidates for the Regent Board of Directors by federal or state government agencies that regulate securities, including but not limited to the SEC and FINRA (formerly NASD) in the last five (5) years.

**INTERROGATORY NO. 19:**

      Identify and describe with full particularity any and all Schedule 14A filings You have made with the SEC including, with respect to any filings concerning Regent, all of the facts forming the bases for the information You provided therein.

**INTERROGATORY NO. 20:**

      Identify and describe with full particularity any and all Schedule 13G or 13D filings You have made or caused to be made with the SEC including, with respect to any filings

which pertain to Regent, all of the facts forming the bases for the information You provided therein.

## INTERROGATORY NO. 21:

Identify and describe with full particularity why, if no filings on Schedule 13G or 13D have been made or caused to be made with the SEC which pertain to Regent have been made on Your behalf the reasons why no such filings have been made, including but not limited to all of the facts forming the bases for such reasons.

## INTERROGATORY NO. 22:

Identify and describe with full particularity any and all communications You have had with Riley or any of the persons identified in the Complaint concerning Regent, including but not limited to the dates, times, places, and substances of such conversations as well as the identities of all Persons present.

## INTERROGATORY NO. 23:

Identify and describe with full particularity the number of shares of Regent stock You directly, indirectly or beneficially hold, and/or over which You exercise or have exercised voting, dispositive or other control, including but not limited to purchase and sale history, dates, amounts and the identities of the Persons who are the holders of record of the shares.

## INTERROGATORY NO. 24:

Identify and describe with full particularity all of Your purposes and reasons for holding Regent stock, including Your intentions toward the Company, whether You are a member of a group (as that term is used on Schedule 13D) with respect to the ownership of Regent stock, the identity(ies) of each Person(s) in the group, the number of Regent shares beneficially owned by each Person in the group, and the number of Regent shares for which each

15

Person in the group (1) has sole voting power (2) shared voting power (3) sole dispositive power and (4) shared dispositive power.

**INTERROGATORY NO. 25:**

        Identify and describe with full particularity the identity(ies) of all Person(s) making or causing to be made the proposals set forth in the Stockholder Proposal contained in the Stockholder Demand Letters, the Person(s) involved in recruiting and organizing the Candidates for the Regent Board of Directors described therein, the Person(s) associated with the Candidates for the Regent Board of Directors, and the number of Regent shares that each such Person directly, indirectly or beneficially holds, and/or over which each such Person exercises or has exercised voting, dispositive or other control.

Date:  August 17, 2007

                                    Respectfully submitted,

*Attorneys for Plaintiff*
*Regent Communications Inc.*

Raymond J. DiCamillo (#3188)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

16

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| REGENT COMMUNICATIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-499 |
| | ) | |
| RILEY INVESTMENT PARTNERS | ) | |
| MASTER FUND, L.P., RILEY | ) | |
| INVESTMENT MANAGEMENT, LLC and | ) | |
| SMH CAPITAL INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**
**DIRECTED TO RILEY INVESTMENT PARTNERS**
**MASTER FUND, L.P. AND RILEY INVESTMENT MANAGEMENT, LLC**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Regent Communications, Inc. hereby propounds its First Request for the Production of Documents (each a "Request" and collectively, "Requests") on Defendants Riley Investment Partners Masters Fund, L.P. and Riley Investment Management, LLC.

**DEFINITIONS AND INSTRUCTIONS**

A.    "Defendants" shall mean (1) Defendants Riley Investment Partners Master Fund L.P., any parents, subsidiaries, or other affiliated entities or Person; (2) Riley Investment Management, LLC, any parents, subsidiaries, or other affiliated entities or Persons; and (3) SMH Capital Inc., any parents, subsidiaries, or other affiliated entities or Persons; and all agents, employees, counsel and other Persons acting on their behalf.

B.    "You," Your" and "Riley" shall mean Defendants Riley Investment Partners Master Fund, L.P., Riley Investment Management LLC, any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

C.    "Complaint" shall mean the complaint filed by Regent in this action.

D.    "SMH" shall mean defendant SMH Capital Inc., any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

E.    "Cede" shall mean Cede & Co., any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

F.    "Regent" or "Plaintiff" or the "Company" or "Issuer" shall mean plaintiff Regent Communications, Inc., its predecessor entities, and all agents, employees, counsel and other Persons acting on their behalf.

G.    "Candidates for the Regent Board of Directors" shall mean the candidates proposed in the Stockholder Demand Letters for election to Regent's Board of Directors, including John Ahn, Bob D'Agostino, Jared Davis, and Joseph Patrick Hannan, or any other candidate considered or proposed for election to Regent's Board of Directors.

H.    "Riley Demand Letter" shall mean the letter sent to Regent by Riley dated July 19, 2007 signed by John Ahn, purportedly on behalf of Riley and unnamed investment advisory clients of Riley calling for a special meeting of Regent's stockholders.

I.    "GPC LXII LLC Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of GPC LXII, LLC, calling for a special meeting of Regent's stockholders.

J.    "RIP Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master Fund, LP ("RIP"), calling for a special meeting of Regent's stockholders.

2

K.      "Putnam Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master Fund, LP, Putnam NBF Securities Inc. and Richard McKenzie calling for a special meeting of Regent's stockholders.

L.      "McClorey Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Kevin H. McClorey, calling for a special meeting of Regent's stockholders.

M.      "Davis Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Jared Davis, calling for a special meeting of Regent's stockholders.

N.      "Lewcom Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Lewcom LTD, LP ("Lewcom"), calling for a special meeting of Regent's stockholders.

O.      "PNC Bank Clat 1 Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 1 ("PNC Bank Clat 1") calling for a special meeting of Regent's stockholders.

P.      "SMH Capital Demand Letter" shall mean the letter sent to Regent, dated July 31, 2007 signed by Peter J. Gleason, purportedly on behalf of "various customers" on an attached list under the heading "SMH Capital" calling for a special meeting of Regent's stockholders.

Q.      "PNC Bank Clat 2 Demand Letter" shall mean the plan described in a letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of

3

PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 2 ("PNC Bank Clat 2") calling for a special meeting of Regent's stockholders.

    R.  "Jacobs Demand Letter" shall mean the plan described in a letter sent to Regent, dated August 8, 2007 signed by Terry S. Jacobs, purportedly on behalf of himself, calling for a special meeting of Regent's stockholders.

    S.  "Stockholder Demand Letters" shall mean the Riley Demand Letter, the GPC LXII LLC Demand Letter, the RIP Demand Letter, the Putnam Demand Letter, the McClorey Demand Letter, the Davis Demand Letter, the Lewcom Demand Letter, the PNC Bank Clat 1 Demand Letter, the PNC Bank Clat 2 Demand Letter, the SMH Capital Demand Letter, and the Jacobs Demand Letter.

    T.  "Stockholder Proposal" shall mean the plan described in the Stockholder Demand Letters to: (1) amend the Issuer's bylaws to fix the number of directors at nine, (2) amend the Issuer's bylaws to allow stockholders to fill vacancies on the board created by increasing the size of the board or the removal of a director by the stockholders, (3) elect John Ahn, Bob D'Agostino, Jared Davis and Joseph Patrick Hannan as directors of the Issuer to fill the vacancies on the board; and (4) repeal any provisions or amendments to the Issuer's bylaws adopted after the last version filed with Securities and Exchange Commission.

    U.  "Proposed Special Meeting" shall mean the special meeting of the stockholders of Regent demanded in the Demand Letters for September 3, 2007 to consider the Stockholder Proposal, which meeting is referred to in, among other places, the Stockholder Proposal.

    V.  "Pitch Book" shall mean the materials that are described in paragraph 33 of the Complaint.

4

W.     "Proxy" shall mean every proxy, consent or authorization including the failure to object or dissent, all as defined in Rule 14a-1(f).

X.     "Shareholder Action" shall mean any effort to potentially influence the control of the company, including but not limited to amending a company's bylaws to, among other things, change the size of the company's board of directors, install additional or different directors on the company's board of directors; or to elect specific Person(s) director(s) of the company.

Y.     "SEC" shall mean the Securities and Exchange Commission.

Z.     "FINRA" shall mean the Financial Industry Regulatory Authority (formerly known as NASD, Inc. or the National Association of Securities Dealers).

AA.     As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or constituting, or pertaining to, or describing, in any manner, logically, factually, indirectly, or directly or in any other way supporting, negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

BB.     The term "Person" shall mean any natural person or any business, legal or governmental entity or association.

CC.     The term "document" is used herein within its broadest sense as used in Federal Rule of Civil Procedure 34(a), and thus includes without limitation originals (or high quality duplicates) and non-identical copies of letters, telegrams, memoranda, reports, drafts, notes, summaries or records of conversations and interviews, diary entries, notebooks, agreements, printed publications, drawings and sketches, graphs, charts, photographs, motion pictures, brochures, intra- and inter-company communications, promotional and advertising

5

materials, marginal comments, patents, computer inputs, outputs, and all other computer data (whether stored by means of computer tape, disk, file or any other form of computer-related memory system), and all other writings or graphic matter or other tangible things, whether printed, electronic, recorded by any process, including tapes, phonorecords, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into usable form. Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

DD.    As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

EE.    The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

FF.    For every objection to a document request on the grounds of privilege, provide any non-privileged documents as are responsive, identify the nature of the documents withheld as privileged and specify the basis for Your claim of privilege.

6

GG.    These document requests do not seek documents that are otherwise publicly available.

## INSTRUCTIONS

A.    If any document responsive to these Requests was, but is no longer, in Your possession, or subject to Your control, or it is no longer in existence, state whether it is (a) missing or lost; (b) destroyed; (c) transmitted or transferred, voluntarily or involuntarily to others, identifying such others; or, (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition and state the date or approximate date thereof.  To the extent that any of the above information is not available, state any other available means of identifying such document.

B.    If You object to any Request on the grounds that any document necessary to respond to it is protected by attorney-client privilege or work product protection, or both, You shall furnish a list within ten (10) days identifying such documents for which privilege is claimed by identifying the Request to which such documents relate and by providing as required by the federal rules and applicable law the following information with respect to any such documents withheld:  (i) the type of document (e.g., letter, memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressees of the document, and any other recipients of the documents and, where not apparent, the relationship of the author, addressees and recipients to each other.

C.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing so as to require further supplemental production by You in the event You obtain or discover additional information or documents between the time of initial

7

production and the time of hearing or trial. This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

## TIME PERIOD

Unless otherwise specified in a Request, these Requests seek documents and information prepared, sent, provided, received, in possession during, or referring or relating to the time period from (i) the first date on which You became an owner of or obtained voting power over Regent stock to (ii) the present (the "Relevant Period") or relating to the Relevant Period whenever prepared.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.    Any and all documents that refer or relate to (1) Regent; (2) the purchase, sale or transfer of shares of Regent stock; (3) the Regent Board of Directors; or (4) any management officer of Regent.

2.    Any and all documents that constitute, refer or relate to communications between You and Cede that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

3.    Any and all documents that constitute, refer or relate to communications between You and Terry S. Jacobs that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

4.    Any and all documents that constitute, refer or relate to communications between You and any person mentioned in the Complaint in this action that refer or relate to (1)

8

any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

5.    Any and all documents that constitute, refer or relate to communications between You and SMH that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

6.    Any and all documents that constitute, refer or relate to communications between You and the Candidates for Regent's Board of Directors that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

7.    Any and all documents that constitute, refer or relate to communications between You and any Person(s) on whose behalf You beneficially own shares of Regent stock that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

8.    Any and all documents that constitute, refer or relate to communications between You and any Person(s) that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

9

RLF1-3190915-2

9.    Any and all documents that constitute, refer or relate to any and all drafts of any and all Stockholder Demand Letters, including but not limited to the Riley Demand Letter and the RIP Demand Letter.

10.    Any and all documents that constitute, refer or relate to any documents filed by You with the SEC (including drafts) referring or relating to Your ownership or control of shares of Regent stock, including but not limited to the press release referred to in paragraph 4 of the complaint filed in this action.

11.    Any and all documents that constitute, refer or relate to communications between You and any Person(s) that refer or relate to any materials filed by any Person with the SEC (including drafts) relating to the ownership and control of shares of Regent stock by any Person.

12.    Any and all documents that refer or relate to the Stockholder Proposal, including the substance thereof as described in the Stockholder Demand Letters.

13.    Any and all documents that refer or relate to the Proposed Special Meeting, including the substance thereof as described in the Stockholder Demand Letters.

14.    Any and all documents that constitute, refer or relate to communications between You and any brokers, investment advisers, underwriters, bankers, investors, potential investors, proxy solicitors or any other Person concerning Regent, including but not limited to communications that refer or relate to the sale, transfer or purchase of Regent shares.

15.    Any and all documents that constitute, refer or relate to communications between You and Riley Investment Partners, Riley Investment Management LLC, B. Riley & Company, Bryant Riley, and any Person(s) under their control or influence concerning Regent, including but not limited to the sale, transfer or purchase of Regent shares.

10

16.    Any and all documents that constitute, refer or relate to any sale, transfer or ownership of Regent stock, including but not limited to documents that refer or relate to any potential change in Regent's board or management or transaction for the change of control of Regent.

17.    Any and all documents that constitute, refer or relate to any proposed, agreed, or executed plan or proposal or understanding among Defendants or by Defendants and any other Regent stockholder(s) referring or relating to Regent.

18.    Any and all documents that constitute, refer or relate to any business or personal relationship between You and any other Defendants.

19.    Any and all documents that constitute, refer or relate to any business or personal relationship between You and any the Candidates for Regent's Board of Directors.

20.    Any and all documents that constitute, refer or relate to any and all Shareholder Actions that took place during the five (5) calendar years preceding the date of these Requests for Production and during which You, or any Person acting in concert with You, either nominated Bryant Riley, John Ahn, Bob D'Agostino, Jared Davis, Joseph Patrick Hannan, or any other Person then serving as a principal of or employed by any Defendant to any board of directors, or else proposed amendments to any corporation's bylaws, including, but not limited to, any Shareholder Actions concerning Alliance Semiconductor, Inc., Integrated Silicon Solution, MAIR Holdings, Inc., ESS Technologies, and NetManage.

21.    Any and all documents that constitute, refer or relate to Your holdings of shares of Regent stock, including shares held directly, indirectly, or beneficially.

22.    Any and all documents that constitute, refer or relate to the Pitch Book, including, but not limited to, all documents that refer or relate to the distribution or transmission

11

of the Pitch Book by any Defendant to any Person.

      23.    Any and all documents that constitute, refer or relate to communications between You and any Person(s) that refer or relate to the Pitch Book, including but not limited to lists of the persons to whom the Pitch Book was sent.

      24.    Any and all documents that constitute, refer or relate to any censure, reprimand, or other adverse finding against You or any of the Candidates for the Regent Board of Directors by federal or state government agencies that regulate securities, including but not limited to the SEC and FINRA (formerly NASD).

Date:  August 17, 2007

Respectfully submitted,

*Attorneys for Plaintiff*
*Regent Communications Inc.*

Raymond J. DiCamillo (#3188)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

REGENT COMMUNICATIONS, INC.,          )
                                      )
      Plaintiff,                    )
                                      )
  v.                                  )          **Civil Action No. 07-499**
                                      )
RILEY INVESTMENT PARTNERS             )
MASTER FUND, L.P., RILEY              )
INVESTMENT MANAGEMENT, LLC and        )
SMH CAPITAL INC.,                     )
                                      )
      Defendants.                   )

**PLAINTIFF'S FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS DIRECTED TO SMH CAPITAL, INC.**

      Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Regent Communications,

Inc. hereby propounds its First Request for the Production of Documents (each a "Request" and

collectively, "Requests") on Defendant SMH Capital Inc.

**DEFINITIONS AND INSTRUCTIONS**

      A.    "Defendants" shall mean (1) Defendants Riley Investment Partners

Master Fund L.P., any parents, subsidiaries, or other affiliated entities or Person; (2) Riley

Investment Management, LLC, any parents, subsidiaries, or other affiliated entities or Persons;

and (3) SMH Capital Inc., any parents, subsidiaries, or other affiliated entities or Persons; and all

agents, employees, counsel and other Persons acting on their behalf.

      B.    "You," Your" and "SMH" shall mean Defendant SMH Capital Inc., any

parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel

and other Persons acting on their behalf.

      C.    "Complaint" shall mean the complaint filed by Regent in this action.

      D.    "Riley" shall mean Defendants Riley Investment Partners Master Fund,

L.P., Riley Investment Management LLC, any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

E.    "Cede" shall mean Cede & Co., any parents, subsidiaries, or other affiliated entities or Persons, and all agents, employees, counsel and other Persons acting on their behalf.

F.    "Regent" or "Plaintiff" or the "Company" or "Issuer" shall mean plaintiff Regent Communications, Inc., its predecessor entities, and all agents, employees, counsel and other Persons acting on their behalf.

G.    "Candidates for the Regent Board of Directors" shall mean the candidates proposed in the Stockholder Demand Letters for election to Regent's Board of Directors, including John Ahn, Bob D'Agostino, Jared Davis, and Joseph Patrick Hannan or any other candidates considered or proposed for election to regent's Board of Directors.

H.    "Riley Demand Letter" shall mean the letter sent to Regent by Riley dated July 19, 2007 signed by John Ahn, purportedly on behalf of Riley and unnamed investment advisory clients of Riley calling for a special meeting of Regent's stockholders.

I.    "GPC LXII LLC Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of GPC LXII, LLC, calling for a special meeting of Regent's stockholders.

J.    "RIP Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master Fund, LP ("RIP"), calling for a special meeting of Regent's stockholders.

K.    "Putnam Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of Riley Investment Partners Master

2

Fund, LP, Putnam NBF Securities Inc. and Richard McKenzie calling for a special meeting of Regent's stockholders.

L.    "McClorey Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Kevin H. McClorey, calling for a special meeting of Regent's stockholders.

M.    "Davis Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Jared Davis, calling for a special meeting of Regent's stockholders.

N.    "Lewcom Demand Letter" shall mean the letter sent to Regent, dated July 26, 2007 signed by Peter J. Gleason, purportedly on behalf of Lewcom LTD, LP ("Lewcom"), calling for a special meeting of Regent's stockholders.

O.    "PNC Bank Clat 1 Demand Letter" shall mean the letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 1 ("PNC Bank Clat 1") calling for a special meeting of Regent's stockholders.

P.    "SMH Capital Demand Letter" shall mean the letter sent to Regent, dated July 31, 2007 signed by Peter J. Gleason, purportedly on behalf of "various customers" on an attached list under the heading "SMH Capital" calling for a special meeting of Regent's stockholders.

Q.    "PNC Bank Clat 2 Demand Letter" shall mean the plan described in a letter sent to Regent, dated July 19, 2007 signed by Peter J. Gleason, purportedly on behalf of PNC Bank N.A. Trustee U/A Dated 2/28/97 C Heekin Clat 2 ("PNC Bank Clat 2") calling for a special meeting of Regent's stockholders.

3

R.      "Jacobs Demand Letter" shall mean the plan described in a letter sent to Regent, dated August 8, 2007 signed by Terry S. Jacobs, purportedly on behalf of himself, calling for a special meeting of Regent's stockholders.

S.      "Stockholder Demand Letters" shall mean the Riley Demand Letter, the GPC LXII LLC Demand Letter, the RIP Demand Letter, the Putnam Demand Letter, the McClorey Demand Letter, the Davis Demand Letter, the Lewcom Demand Letter, the PNC Bank Clat 1 Demand Letter, the PNC Bank Clat 2 Demand Letter, the SMH Capital Demand Letter and the Jacobs Demand Letter.

T.      "Stockholder Proposal" shall mean the plan described in the Stockholder Demand Letters to: (1) amend the Issuer's bylaws to fix the number of directors at nine, (2) amend the Issuer's bylaws to allow stockholders to fill vacancies on the board created by increasing the size of the board or the removal of a director by the stockholders, (3) elect John Ahn, Bob D'Agostino, Jared Davis and Joseph Patrick Hannan as directors of the Issuer to fill the vacancies on the board; and (4) repeal any provisions or amendments to the Issuer's bylaws adopted after the last version filed with Securities and Exchange Commission.

U.      "Proposed Special Meeting" shall mean the special meeting of the stockholders of Regent demanded in the Demand Letters for September 3, 2007 to consider the Stockholder Proposal, which meeting is referred to in, among other places, the Stockholder Proposal.

V.      "Pitch Book" shall mean the materials that are described in paragraph 33 of the Complaint.

W.      "Proxy" shall mean every proxy, consent or authorization including the failure to object or dissent, all as defined in  Rule 14a-1(f).

4

X.    "Shareholder Action" shall mean any effort to potentially influence the control of the company, including but not limited to amending a company's bylaws to, among other things, change the size of the company's board of directors, install additional or different directors on the company's board of directors; or to elect specific Person(s) director(s) of the company.

Y.    "SEC" shall mean the Securities and Exchange Commission.

Z.    "FINRA" shall mean the Financial Industry Regulatory Authority (formerly known as NASD, Inc. or the National Association of Securities Dealers).

AA.    As used herein, the terms "refer or relate to," "referring or relating to," or "referred or related to" shall mean referring, reflecting, or constituting, or pertaining to, or describing, in any manner, logically, factually, indirectly, or directly or in any other way supporting, negating, bearing upon, incorporating, affecting or otherwise connected to, the matter discussed.

BB.    The term "Person" shall mean any natural person or any business, legal or governmental entity or association.

CC.    The term "document" is used herein within its broadest sense as used in Federal Rule of Civil Procedure 34(a), and thus includes without limitation originals (or high quality duplicates) and non-identical copies of letters, telegrams, memoranda, reports, drafts, notes, summaries or records of conversations and interviews, diary entries, notebooks, agreements, printed publications, drawings and sketches, graphs, charts, photographs, motion pictures, brochures, intra- and inter-company communications, promotional and advertising materials, marginal comments, patents, computer inputs, outputs, and all other computer data (whether stored by means of computer tape, disk, file or any other form of computer-related

memory system), and all other writings or graphic matter or other tangible things, whether printed, electronic, recorded by any process, including tapes, phonorecords, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into usable form. Any document bearing on any sheet or side thereof, any marks, including without limitation initials, stamped indicia, comments, or notations of any character which are not part of the original text or reproduction thereof, shall be considered a separate document.

DD.    As used herein, the term "communication" shall mean the transmission or receipt of information of any kind through any means, including but not limited to speech, writing, language (machine, foreign, or otherwise), computer electronics of any kind, magnetic tape, video tape, photograph, graph, symbol, sign, magnetic disk, sound, radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, film or media of any kind.

EE.    The words "and" and "or," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these interrogatories any information that might be deemed outside their scope by any other construction.

FF.    For every objection to a document request on the grounds of privilege, provide any non-privileged documents as are responsive, identify the nature of the documents withheld as privileged and specify the basis for Your claim of privilege.

GG.    These document requests do not seek documents that are otherwise publicly available.

## INSTRUCTIONS

A.    If any document responsive to these Requests was, but is no longer, in Your possession, or subject to Your control, or it is no longer in existence, state whether it is (a) missing or lost; (b) destroyed; (c) transmitted or transferred, voluntarily or involuntarily to others, identifying such others; or, (d) otherwise disposed of, and in each instance, explain the circumstances surrounding an authorization for such disposition and state the date or approximate date thereof.  To the extent that any of the above information is not available, state any other available means of identifying such document.

B.    If You object to any Request on the grounds that any document necessary to respond to it is protected by attorney-client privilege or work product protection, or both, You shall furnish a list within ten (10) days identifying such documents for which privilege is claimed by identifying the Request to which such documents relate and by providing as required by the federal rules and applicable law the following information with respect to any such documents withheld:  (i) the type of document (e.g., letter, memorandum); (ii) the general subject matter of the document; (iii) the date of the document; (iv) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressees of the document, and any other recipients of the documents and, where not apparent, the relationship of the author, addressees and recipients to each other.

C.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Requests shall be deemed continuing so as to require further supplemental production by You in the event You obtain or discover additional information or documents between the time of initial production and the time of hearing or trial.  This paragraph shall not be construed to alter Your obligations to comply with all other instructions herein.

7

## TIME PERIOD

Unless otherwise specified in a Request, these Requests seek documents and information prepared, sent, provided, received, in possession during, or referring or relating to the time period from (i) the first date on which You became an owner of or obtained voting power over Regent stock to (ii) the present (the "Relevant Period") or relating to the Relevant Period whenever prepared.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.     Any and all documents that refer or relate to (1) Regent; (2) the purchase, sale or transfer of shares of Regent stock; (3) the Regent Board of Directors; or (4) any management officer of Regent.

2.     Any and all documents that constitute, refer or relate to communications between You and Cede that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors (6) candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

3.     Any and all documents that constitute, refer or relate to communications between You and Terry S. Jacobs that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

4.     Any and all documents that constitute, refer or relate to communications between You and any person mentioned in the Complaint in this action that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the

8

Proposed Special Meeting; (5) the Regent Board of Directors; (6) candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

    5. Any and all documents that constitute, refer or relate to communications between You and Riley that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

    6. Any and all documents that constitute, refer or relate to communications between You and the Candidates for Regent's Board of Directors that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

    7. Any and all documents that constitute, refer or relate to communications between You and any Person(s) on whose behalf You beneficially own shares of Regent stock that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) Candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

    8. Any and all documents that constitute, refer or relate to communications between You and any Person(s) that refer or relate to (1) any of the Stockholder Demand Letters; (2) Regent; (3) the Stockholder Proposal; (4) the Proposed Special Meeting; (5) the Regent Board of Directors; (6) candidates for the Regent Board of Directors; or (7) the purchase, sale or transfer of shares of Regent stock.

9

9.      Any and all documents that constitute, refer or relate to any and all drafts of any and all Stockholder Demand Letters, including but not limited to the SMH Capital Demand Letter.

10.     Any and all documents that constitute, refer or relate to any documents filed by You with the SEC (including drafts) referring or relating to Your ownership or control of shares of Regent stock, including but not limited to the press release referred to in paragraph 4 of the complaint filed in this action.

11.     Any and all documents that constitute, refer or relate to communications between You and any Person(s) that refer or relate to any materials filed by any Person with the SEC (including drafts) relating to the ownership and control of shares of Regent stock by any Person.

12.     Any and all documents that refer or relate to the Stockholder Proposal, including the substance thereof as described in the Stockholder Demand Letters.

13.     Any and all documents that refer or relate to the Proposed Special Meeting, including the substance thereof as described in the Stockholder Demand Letters.

14.     Any and all documents that constitute, refer or relate to communications between You and any brokers, investment advisers, underwriters, bankers, investors, potential investors, proxy solicitors or any other Person concerning Regent, including but not limited to communications that refer or relate to the sale, transfer or purchase of Regent shares.

15.     Any and all documents that constitute, refer or relate to communications between You and the Persons identified on the list attached to the SMH Capital Demand Letter as Regent stockholders and any Person(s) under their control or influence concerning Regent or concerning Regent shares.

10

16.     Any and all documents that constitute, refer or relate to any sale, transfer or ownership of Regent stock, including but not limited to documents that refer or relate to any potential transaction for the change of control of Regent.

17.     Any and all documents that constitute, refer or relate to any proposed, agreed, or executed plan or proposal or understanding among Defendants or by Defendants and any other Regent stockholder(s) referring or relating to Regent.

18.     Any and all documents that constitute, refer or relate to any and all Shareholder Actions that took place during the five (5) calendar years preceding the date of these Requests for Production and during which You, or any Person acting in concert with You, either nominated any Person then serving as a principal of or employed by any Defendant to any board of directors, or else proposed amendments to any corporation's bylaws, including, but not limited to, any Shareholder Actions concerning Alliance Semiconductor, Inc., Integrated Silicon Solution, MAIR Holdings, Inc., ESS Technologies, and NetManage.

19.     Any and all documents that constitute, refer or relate to any business or personal relationship between You and any other Defendants.

20.     Any and all documents that constitute, refer or relate to any business or personal relationship between You and any the Candidates for Regent's Board of Directors.

21.     Any and all documents that constitute, refer or relate to Your holdings of shares of Regent stock, including shares held directly, indirectly, or beneficially.

22.     Any and all documents that constitute, refer or relate to the Pitch Book, including, but not limited to, all documents that refer or relate to the distribution or transmission of the Pitch Book by any Defendant to any Person.

23.     Any and all documents that constitute, refer or relate to communications

11

between You and any Person(s) that refer or relate to the Pitch Book, including but not limited to lists of the persons to whom the Pitch Book was sent.

      24.     Any and all documents that constitute, refer or relate to any censure, reprimand, or other adverse finding against You or any of the persons listed as potential nominees for election as directors of Regent in the Stockholder Demand Letters by federal or state government agencies that regulate securities, including but not limited to the SEC and FINRA (formerly NASD).

Date:  August 17, 2007

Respectfully submitted,

_Attorneys for Plaintiff_
_Regent Communications Inc._

Raymond J. DiCamillo (#3188)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware  19899
Tel:  (302) 651-7700
Fax:  (302) 651-7701

-and-

Laurie B. Smilan
LATHAM & WATKINS LLP
11955 Freedom Drive, Suite 500
Reston, Virginia  20190
Tel:  (703) 456-1000
Fax:  (703) 456-1001

12