IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| REGENT COMMUNICATIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 07-499-JJF |
| | ) | |
| RILEY INVESTMENT PARTNERS MASTER FUND, L.P., RILEY INVESTMENT MANAGEMENT, LLC and SMH CAPITAL INC., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SMH CAPITAL INC.'S
## OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY
## RESTRAINING ORDER AND MOTION FOR EXPEDITED DISCOVERY

Defendant SMH Capital Inc. ("SMH"), by its undersigned attorneys, hereby responds to Plaintiff's Motion for a Temporary Restraining Order and Motion for Expedited Discovery as follows:

1.  So as not to burden the Court with unnecessary duplication, in opposition to Plaintiff Regent Communications, Inc.'s ("Plaintiff" or "Regent") Motion for a Temporary Restraining Order and Motion for Expedited Discovery (the "Motions"), SMH joins in the arguments set forth in the Consolidated Opposition by Defendants Riley Investment Partners Master Fund, L.P. and Riley Investment Management, LLC to Plaintiff Regent Communications, Inc.'s Motion for: (1) Temporary Restraining Order; and (2) Expedited Discovery ("Defendant Riley's Opposition"). SMH addresses herein only Plaintiff's claim under Section 13 of the Exchange Act alleged solely against SMH.

2.      Plaintiff alleges that "Defendant SMH has failed to make any of the filings and disclosures required by Section 13 although SMH and its affiliates have represented that they own in excess of 5% of the shares of the Company." (TRO Motion at 16). Plaintiff's allegations are incorrect, and in any event have been mooted.

3.      SMH is not the beneficial owner of any Regent shares. SMH, a registered broker dealer and investment advisor, is a wholly-owned subsidiary of Sanders Morris Harris Group Inc. ("SMHG"). (Affidavit of Don A. Sanders ("Sanders Aff."), ¶ 2).[1] Don Sanders is Vice Chairman and a director of SMHG and Chairman of the Executive Committee and a director of SMH. (Sanders Aff., ¶ 2). Mr. Sanders is also a manager of SOF Management, LLC, the general partner of Sanders Opportunity Fund, L.P. and Sanders Opportunity Fund (Institutional), L.P. (collectively, the "SOF Funds"), and chief investment officer of the SOF Funds. (Sanders Aff., ¶ 2).

4.      Mr. Sanders has invested an aggregate of $1,064,491 (exclusive of brokerage commissions) in 212,456 shares of Regent common stock and the SOF Funds have invested an aggregate amount of $4,774,394 (exclusive of brokerage commissions) in 1,043,023 shares of Regent common stock. (Sanders Aff., ¶ 3). In addition, Mr. Sanders shares dispositive power over 1,416,000 shares of Regent common stock held in client brokerage accounts. (Sanders Aff., ¶ 3). Although approximately 3,000,000 shares of Regent stock are held in SMH client brokerage accounts, as opposed to advisory accounts, the clients have not granted investment discretion to any individual at SMH. (Sanders Aff., ¶ 4). SMH clears all accounts on a fully disclosed basis through Pershing LLC, which is the record owner of the Regent shares held by SMH's clients. (Sanders Aff., ¶ 4). SMH does not possess voting power or investment

---

[1] The Affidavit of Don A. Sanders is being filed simultaneously herewith.

2

power over any of the Regent shares held in its client brokerage accounts. (Sanders Aff., ¶ 4). Thus, SMH is not a beneficial owner for purposes of Rule 13(d) of any of the approximately 3,000,000 Regent shares held in client brokerage accounts. *See* 17 C.F.R. § 240.13d-3 (2000); *Rosenberg v. XM Ventures*, 274 F.3d 137 (3d Cir. 2001).

        5.      On August 22, 2007, Mr. Sanders caused to be filed a Schedule 13G with the Securities and Exchange Commission, effective as of December 29, 2006. (Sanders Aff., Ex. A). The Schedule 13G discloses that Mr. Sanders has beneficial ownership of 6.9% of the shares of common stock of Regent. (Sanders Aff., Ex. A). Also on August 22, 2007, Mr. Sanders caused to be filed a Schedule 13D with the Securities and Exchange Commission, effective as of July 31, 2007. (Sanders Aff., Ex. B). The Schedule 13D discloses that Mr. Sanders has invested an aggregate of $1,064,491 (exclusive of brokerage commissions) in 212,456 shares of Regent common stock and that the SOF Funds have invested an aggregate amount of $4,774,394 (exclusive of brokerage commissions) in 1,043,023 shares of Regent common stock. (Sanders Aff., Ex. B). The Schedule 13D also discloses that Mr. Sanders shares dispositive power over 1,416,000 shares of Regent common stock held in client brokerage accounts. (Sanders Aff., Ex. B). The Schedule 13D further discloses that, as a result of the July 31, 2007 letter sent by Cede & Co. on behalf of Mr. Sanders, the SOF Funds and certain other clients of SMH requesting a special meeting of Regent's stockholders, Mr. Sanders was no longer eligible to report his beneficial ownership of Regent common stock on Schedule 13G as he may be deemed to hold common stock of Regent for the purpose of or with the effect of changing or influencing the control of Regent. (Sanders Aff., Ex. B).[2]

---

[2] Because SMH nor any individual acting on behalf of SMH does not possess voting power or investment power over any of the approximately 3,000,000 shares held by SMH in client

3

6. As a result of the filing of the Schedule 13G and Schedule 13D by Mr. Sanders on August 22, 2007, Plaintiff's Section 13 claim against SMH has been mooted. Moreover, there is no basis for Plaintiff to claim irreparable harm justifying the entry of a temporary restraining order or expedited proceedings. Indeed, the very disclosure sought by Plaintiff has been made. Where, as here, a filing is made and adequate opportunity is provided for shareholders to digest the information contained therein, an injunction application seeking to compel such filing should be terminated. *ICN Pharmaceuticals, Inc. v. Kahn*, 2 F.3d 484, 489 (2d Cir. 1993). As stated by the Second Circuit:

> [A]n injunction will issue for a violation of § 13(d) only on a showing of irreparable harm to the interests which that section seeks to protect. Those interests are fully satisfied when the shareholders receive the information required to be filed.

*Treadway Cos. V. Care Corp.*, 638 F.2d 37 (2d Cir. 1980) (internal citations omitted). Thus, because the relevant disclosure pursuant to Section 13 of the Exchange Act has been made, Plaintiff cannot satisfy its burden of demonstrating any harm, let alone irreparable harm, if an injunction is not issued compelling SMH to make disclosure pursuant to Rule 13(d).[3]

---

brokerage accounts, SMH is not a beneficial owner of such shares and, thus, no disclosure of such shares is required under Section 13 of the Exchange Act.

[3] In addition to the allegation that SMH was required to file a Schedule 13D based upon its purported ownership of greater than 5% of the outstanding shares of Regent, Plaintiff also alleges a violation of Section 13 against SMH based on a purported undisclosed group that has been formed among Riley, SMH and certain other shareholders within the meaning of Rule 13(d) of the Exchange Act. SMH joins in the arguments asserted by Riley in its opposition papers concerning the alleged formation of a group within the meaning of Rule 13(d), and refers to paragraph 6 of the Sanders Affidavit attesting to the lack of any agreement, arrangement or understanding between Mr. Sanders, the SOF Funds or SMH and any of the other Regent stockholders requesting a special meeting.

7. Accordingly, based on the foregoing and the arguments set forth in Defendant Riley's Opposition, Plaintiff's Motion for a Temporary Restraining Order and Motion for Expedited Discovery should be denied.

POTTER ANDERSON & CORROON LLP

By: /s/ Brian C. Ralston
Peter J. Walsh, Jr. (I.D. No. 2437)
Brian C. Ralston (I.D. No. 3770)
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, Delaware 19899
Telephone: (302) 984-6000
Fax: (302) 658-1192
Email: pwalsh@potteranderson.com
bralston@potteranderson.com

*Attorneys for Defendant SMH Capital Inc.*

Dated: August 28, 2007

814773

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Brian C. Ralston, hereby certify that on August 28, 2007, the attached document was hand-delivered on the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

Raymond J. DiCamillo, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
10th and King Streets
Wilmington, Delaware 19899

David J. Teklits, Esquire
Kevin M. Coen, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899

Brian C. Ralston (I.D. No. 3770)
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
bralston@potteranderson.com